# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4696-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES KERSHAW,

     Defendant-Appellant.

_____

Submitted August 21, 2018 – Decided  September 11, 2018

Before Judges Sumners and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 06-06-2109.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 25, 2017 order denying his first petition for post-conviction relief (PCR), alleging inadequate assistance of counsel, as time-barred and without an evidentiary hearing. He argues that his petition was not time barred, and that he should have had an evidentiary hearing because he proved a prima facie case of ineffective assistance of counsel.

Defendant was indicted for second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Upon pleading guilty to third-degree endangering the welfare of a child, the sexual assault charge was dismissed. In his executed plea agreement, defendant stated he understood that a special sentence of parole supervision for life (PSL) would also be imposed. On February 16, 2007, he was sentenced in accordance with the terms of the plea agreement.

Over eight years after his conviction, on June 22, 2015, defendant filed for PCR alleging that his counsel provided inadequate assistance for failing to investigate the defense of diminished capacity to the sexual assault charge. He contended that a little over a month before the sexual assault incident, he had been released from a month-long hospital stay due to injuries he received from being struck by a motor vehicle while riding his bike. In support, defendant submitted medical records detailing his injuries. He also claimed that his guilty

plea should have been withdrawn because his diminished capacity rendered him unable to understand the consequences of his plea, and that counsel failed to advise him that PSL would be imposed as part of his sentence and his rights to file an appeal or PCR petition. Defendant argued that excusable neglect existed for late filing because counsel did not advise him of his PCR rights and that a fundamental injustice could occur if his petition was time barred.

The PCR judge denied defendant's petition without granting an evidentiary hearing; finding that it was barred because it was not filed within five years after his conviction as required by Rule 3:22-12(a)(1). The judge held that defendant did not establish excusable neglect because his delay was based on his ignorance of the law and failure to pursue his legal rights. Nevertheless, the judge addressed the merits of defendant's claim that counsel was ineffective because he failed to investigate the defense of diminished capacity. In short, the judge found that the diminished capacity argument was a bald assertion. He determined that the medical records defendant submitted did not establish a cognitive impairment from his accident to support a diminished capacity defense or the contention that he was unable to understand the plea and sentencing proceedings. The judge further found that, among other reasons, the insufficient diminished capacity argument served as a basis to reject defendant's contention

A-4696-16T1

that he should be allowed to withdraw his guilty plea under <u>State v. Slater</u>, 198 N.J. 145 (2009).

We agree with the judge's findings that defendant's petition is time-barred under <u>Rule</u> 3:22-12(a)(1). The rule provides that a first PCR petition cannot be filed more than five years after the date of entry of the judgment of conviction "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect <u>and</u> that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." <u>R.</u> 3:22-12(a)(1)(A) (emphasis added). Defendant's ignorance of the law does not establish excusable neglect. <u>State v. Murray</u>, 315 N.J. Super. 535, 539-40 (App. Div. 1998) (mistaken understanding of law did not constitute excusable neglect); <u>see also</u> <u>State v. Cummings</u>, 321 N.J. Super. 154, 166-67 (App. Div. 1999) (difficulty reading and writing and defendant's ignorance of law did not excuse late filing). Since defendant has not established neglect, we need not consider whether he showed that there was a reasonable probability of a fundamental injustice. <u>R.</u> 3:22-12(a)(1)(A).

Turning to the merits of defendant's petition, we also agree with the judge that defendant did not establish a prima facie claim of inadequate assistance of

4

counsel and was therefore not entitled to an evidentiary hearing to prove his claim.

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. Preciose, 129 N.J. at 462-63. A hearing should be conducted only if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He

must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. When claiming defense counsel inadequately investigated, the defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (citing R. 1:6-6).

In a PCR arising from a guilty plea, a petitioner must "show[] 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. O'Donnell, 435 N.J. Super. 351, 369-70 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Applying these principles, defendant fell short of presenting a prima facie case of ineffective assistance of counsel. His bald allegations of diminished capacity through his submission of medical records fails to establish any competent evidence that he had a cognitive impairment that prevented him from having the mens rea to commit sexual assault or the ability to comprehend the guilty plea or sentencing proceedings. And because defendant has not shown a

6

prima facie claim of ineffective assistance, the decision not to afford defendant an evidentiary hearing was correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4696-16T1